

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00179-CV

IN RE ALLEN F. CALTON                              RELATOR

----------

ORIGINAL PROCEEDING
TRIAL COURT NO. 153-270690-14

----------

## MEMORANDUM OPINION[1]

----------

In his lawsuit against Steve Schiller, Relator Allen F. Calton, an inmate proceeding pro se, filed a motion for preliminary injunction and temporary restraining order. Calton has filed a petition for writ of mandamus asking this court to compel the trial court to rule on his motion.

On June 1, 2015, the trial court signed an "Order Granting Defendant Steve Schiller's Motion to Dismiss Pursuant to Chapter 14 of the Texas Civil

---

[1]See Tex. R. App. P. 47.4.

Practice & Remedies Code," thereby dismissing Calton's claims against Schiller. A trial court is authorized to dismiss an inmate's claim upon making certain findings regarding the inmate's allegations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (West 2002).[2]

In our disposition of Calton's petition, we do not review the trial court's dismissal. The trial court's dismissal, however, renders Calton's petition for writ of mandamus moot. *See In re Lopez*, No. 06-07-00011-CV, 2007 WL 426734, at *1 (Tex. App.—Texarkana Feb. 9, 2007, orig. proceeding) (mem. op.). Accordingly, we deny Calton's petition for writ of mandamus as moot.

PER CURIAM

PANEL: GARDNER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: June 12, 2015

---

[2]Specifically, the trial court may dismiss the action before or after service of process, if the trial court determines that (1) the allegation of poverty in the affidavit or unsworn declaration is false; (2) the claim is frivolous or malicious; or (3) the inmate filed an affidavit or unsworn declaration required by this chapter that the inmate knew was false. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a).

2